UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SCOTT KELLY HANSEN, | ) | CASE NO.  3:09 CV 0117 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| TERRY COLLINS, DIRECTOR OHIO | ) | |
| DEPT.  CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Scott Kelly Hansen's above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Hansen, who is incarcerated at a Community Corrections Center in Minneapolis, Minnesota, seeks an order dismissing an Ohio state detainer/warrant lodged against him and enjoining the Ohio Adult Parole Authority (OAPA) from taking him into custody after completion of the federal sentence he is now serving.

BACKGROUND

Mr. Hansen was indicted in this court on May 6, 1998. United States v. Hansen, No. 3:98cr0770 (N.D. Ohio 1998)(Carr, J.) The indictment charged him with bank robbery by force and violence in violation of 18 U.S.C. § 2113(a). The case was transferred to the District Court of Rhode Island on October 16, 1998 pursuant to a Rule 20 consent to transfer jurisdiction. Petitioner subsequently pleaded guilty to the one count indictment and was sentenced to 188 months in prison on February 11, 2000. The court ordered the sentence to be served concurrently with sentences imposed in Case Nos. CR98-53L; CR98-86L; CR98-87L; CR99-41L; CR99-50L and CR99-76L.

Immediately thereafter, Mr. Hansen appealed his conviction to the First Circuit Court of Appeals. The appeal was dismissed on March 5, 2002. Petitioner next filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 on February 25, 2003. Hansen v. United States, No. 1:03-cv-00063-L (D. N. H. 2003). The district court denied petitioner's motion to vacate on May 22, 2003.

The OAPA filed a detainer on August 31, 2005 with the prison in which petitioner was being held. The detainer was issued as a warrant by the OAPA based on Mr. Hansen's alleged violation of parole following a 1981 criminal conviction in Ohio. The OAPA notified the warden it sought to take petitioner into custody after completion of his federal sentence in 2014.

Mr. Hansen filed a writ of habeas corpus on February 2, 2007 attacking the detainer pursuant to 28 U.S.C. § 2254 in the United States District Court for District of Minnesota. Hansen v. United States, No. 0:07-cv-00749 (D. Minn. 2007). After an initial review, Magistrate Judge Franklin L. Noel issued a Report and Recommendation directing the transfer of Mr. Hansen's petition to the United States District Court for the Southern District of Ohio as the preferable venue. The R&R was adopted by District Court Judge Kyle on March 6, 2007 and the matter was transferred to the Southern District Court of Ohio on that date.

On March 20, 2007, Mr. Hansen's § 2254 petition was filed in the Southern District. Hansen v. United States, No. 2:07-cv-00235 (S.D. Ohio 2007). The court ordered respondent to answer the petition, which it did in a Motion to Dismiss filed June 7, 2007. Eight months later, Mr. Hansen moved to withdraw his petition on February 12, 2008. The court granted his motion the following day.

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Lucas County Court of Common Pleas on March 26, 2008.[1]  He claims he challenged the state

---

[1]In the Court of Common Pleas' opinion denying his petition for habeas corpus, the judge states Mr. Hansen filed his petition on September 3, 2008. Ohio v. Hansen, No. G-4801-CR-0199106642-000 (Ct. Comm. Pls. Lucas Cty., at 2)(Bates, J.)

detainer/warrants filed on August 31, 2005 and November 19, 2008.[2]  The County filed a Motion to Dismiss.  The court issued an opinion on September 8, 2008 denying  Mr. Hansen's petition.  As grounds for its decision, the court held that petitioner is not restrained of his liberty pursuant to Ohio Revised Code (O.R.C.)  § 2725.01.  The court held further, that petitioner did not file in the jurisdiction which has custody of him pursuant to O.R.C. § 2725.03.  His appeal to the Court of Appeals of Ohio's Sixth Appellate District was dismissed as untimely on November 20, 2008.

Petitioner filed the present § 2254 petition on January 16, 2009 attacking the detainer/warrants issued by the OAPA on August 31, 2005 and November 19, 2008.

ANALYSIS

Mr. Hansen asserts his rights to due process and equal protection were violated by the OAPA because the agency lacked jurisdiction after his conviction in 1981.  Petitioner's recitation of relevant facts, however, is not completely clear.      He does claim he was paroled by the Adult Parole Authority (APA) on August 27, 1984.  Seven years later, he was allegedly placed on "mandatory release (BOP)" on May 24, 1991.  "A court" allegedly ordered his release "from the BOP" on October 17, 1997.  At that time, "no warrants/detainers, or any legal action [was] taken by Ohio Parole Authority to seek custody of this Petitioner." (Pet. at 1.)  In sum, Mr. Hansen claims his 1981 sentence "with three years, an [sic] one month served, full term expired Dec., 2002." (Pet. at 1.)  Based on these facts, petitioner claims he fully served the sentence to which his alleged parole violation applies.

The second ground for relief is an asserted ex post facto violation.  Petitioner contests the OAPA's claim that he is subject to the Parole Board Guidelines.  Instead, he notes that these guidelines were not implemented until April 1, 1998.  As such, he believes Ohio Revised Code §2967.15 precludes the OAPA from applying them to any offenses committed on or after January 1, 2004.

---

[2]The court presumes he amended his petition to include the November 19, 2008 detainer/warrant.

In his third ground for relief, Mr. Hansen maintains his return to Ohio would place him in imminent danger.  He claims he testified in open court during a high profile federal trial against the Mexican Mafia and a subsequently disbarred Ohio defense attorney.  Petitioner alleges he is in the Federal Witness Protection Program, which he believes entitles him to the highest level of threat assessment.

JURISDICTION

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).

Mr.  Hansen is currently serving a federal sentence in a federal prison in Minnesota. He has, however, filed this habeas petition pursuant to 28 U.S.C. § 2254, which states, in relevant part:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> > (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> >
> > > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > >
> > > (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to p
> >
> > (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254.  Under the Anti-Terrorism Effective Death Penalty Act, this court  may not grant the writ with respect to any claim adjudicated on the merits in state court unless the adjudication

4

resulted in a decision (1) that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(1) & (2). The state court's factual findings are presumed correct unless clear and convincing evidence to the contrary exists. 28 U.S.C. § 2254(e)(1).

The Supreme Court of Ohio, as well as the Ohio Revised Code have clearly explained that "habeas corpus lies only if the petitioner is entitled to immediate release from confinement." Pewitt v. Lorain Correctional Inst.64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94 (1992); O.R.C. § 2725.17.  Before a petitioner can be considered eligible for release, the court must have authority over his custodian to direct the prisoner's release.  In this case, neither criteria has been satisfied. While the State of Ohio has held that habeas corpus will lie against the OAPA in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate legal remedy, this is not an extraordinary case. State ex rel. Pirman v. Money 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29(1994).

INTERSTATE AGREEMENT ON DETAINERS

While a reviewing court must consider all possible forms of relief suggested by cases involving a pro se federal prisoner seeking relief from a state detainer, Grant v. Hogan, 505 F.2d 1220 (3d Cir. 1974), no other relief is available to Mr.  Hansen at this time.  Unlike the petitioner in Grant, he is not challenging an untried indictment, information or complaint. See id. (prisoner challenging detainer on the ground prosecution on underlying charges would be unconstitutional, required to exhaust remedies afforded by the interstate agreement on detainers [IAD] before seeking relief in federal courts under general habeas corpus statute).  There is no provision in the IAD which applies to the detainer at  issue here.  Mr.  Hansen's detainer is for an outstanding parole-violation charge.[3]  While Congress established procedures under the IAD to permit the speedy disposition of

---

[3]By definition, "[a] detainer is a request filed by a criminal justice agency with the institution in
(continued...)

any untried indictment, information or complaint and the dismissal of any untried charges, along with the removal of any detainer based thereon, it only applies to detainers based upon outstanding criminal charges, i.e., an untried indictment, information, or complaint, and, therefore, is not applicable to petitioner's detainer.  See McDonald v. New Mexico Parole Board, 955 F.2d 631, 633 (10th Cir.1991)(citing Carchman v. Nash, 473 U.S. 716, 725-28 (1985)) ("IAD only applies to detainers lodged on untried criminal charges and has no application to probation or parole revocation detainers.")  Thus, this court cannot exercise jurisdiction over this matter under the Interstate Agreement on Detainers (IAD), which was at issue in Grant.

Here, a parole violator warrant has simply been lodged.  Petitioner's complaint that the warrant is invalid is not an issue which would otherwise trigger this court's jurisdiction. The Supreme Court has explained that the "execution of a parole violator warrant and custody thereunder are [the] operative events triggering any loss of liberty attendant upon parole revocation." Moody v. Daggett, 429 U.S. 78, 87 (1976).  As the Court further explained, in "Morrissey [v. Brewer, 408 U.S. 471, 488 ] . . . , we established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant."  Id.(emphasis added). There is no allegation that the detainer warrant lodged against petitioner has been executed.  Therefore, this court finds the State of Ohio's decision was not contrary to clearly established federal law as determined by the Supreme Court; nor was it based on an unreasonable determination of the facts in light of the evidence presented in state court. Therefore, Mr. Hansen is not entitled to habeas relief because he is neither 'in custody of the State of Ohio' nor entitled to immediate release by the State.

CHALLENGE TO EXTRADITION

---

³(...continued)
which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985).

6

Mr. Hansen will remain in prison until his federal term expires in 2014. When his sentence expires that year, the State of Ohio has asked that he be returned to the state to face parole violation charges. It would appear, therefore, that petitioner is seeking an order enjoining his custodian from complying with Ohio's request to return him to the state to determine whether he violated the terms of his parole. Inasmuch as the OAPA is not petitioner's custodian and his custodian is not named as a respondent, petitioner has failed to state a claim barring his transfer to Ohio. Moreover, he has failed to state any legal basis upon which he is asserting his transfer is barred by statute or relevant case law.

CONCLUSION

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 5/11/09*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE